Filed 11/26/13  P. v. Sin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073343 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12459) |
| v. | |
| JOSEPH SIN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joseph Sin has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment.

## BACKGROUND

On August 10, 2012, Linda W. telephoned 911 and requested medical attention for her neighbor, H.R., in Olivehurst.  A responding Yuba County Sheriff's deputy contacted defendant in the front yard of H.R.'s residence.  He directed the deputy into the residence.  The deputy saw H.R. standing in the bathroom, breathing heavily and crying.

1

She had a shirt wrapped around her left forearm and blood on the front of her clothing. H.R. reported that her boyfriend, named "Louis Gonzalez," had hit her with a glass plate during an argument. The deputy observed pieces of a gold dish with blood on them lying on the living room floor.

A neighbor told a deputy that H.R.'s boyfriend was defendant, not "Gonzalez." Defendant identified himself to a deputy and said, "I didn't hurt her, it was an accident." He told deputies that he and H.R. lived together in the apartment. On the day of the incident, they argued and began yelling at each other. During the argument, H.R. cut herself on the dish defendant was holding. Defendant wrapped the arm and went to the neighbor's house to summon medical treatment. He denied throwing the dish at her.

In August 2012, defendant pleaded no contest to infliction of corporal injury upon a cohabitant (Pen. Code,[1] § 273.5, subd. (a)) and admitted he had served a prior prison term (§ 667.5, subd. (b)). The trial court continued sentencing to allow defendant to participate in a residential drug treatment program. Two weeks later, defendant faced new charges of vehicle theft and escape from custody. Defendant's own recognizance release in the current case was revoked and the court noted the case was "pending setting for sentencing." In February 2013, the vehicle theft and escape charges were dismissed. Defendant's *Marsden*[2] motion was denied.

In March 2013, the trial court sentenced defendant to prison for the upper term of four years plus one year for the prior prison term. It awarded him 195 days of custody credit and 194 days of conduct credit, and ordered him to pay a $1,200 restitution fine (§ 1202.4) plus a $120 collection fee, a $1,200 restitution fine suspended unless parole is

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

revoked (§ 1202.45), a $40 court security fee (§ 1465.8, subd. (a)(1)), and a $30 conviction assessment fee (Gov. Code, § 70373).

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                        DUARTE          , J.



We concur:



      HULL            , Acting P. J.



      MAURO          , J.


3